## MARY PURRINGTON versus EPHRAIM B. PIERCE.

The demandant in an action of dower, having recovered judgment for her dower, and in the same suit her damages for detention thereof, cannot maintain a separate action against the tenant for the use of the premises from the date of the verdict in her favor, to the time of the actual assignment of dower.

ON FACTS AGREED.

This was an action of the case to recover rent for the use of certain premises assigned to the demandant in an action of dower.

The time between the verdict and the assignment was about two years.

The facts appear in the opinion of the Court. Demand for the intermediate rents was made.

*Ingersoll*, for plaintiff.

The remedies provided for recovery of damages for detention of dower, by the 144th chapter of the R. S., § 5, are similar to those provided for a demandant in a writ of entry c. 145, the different sections of which have been adjudicated upon, in an action for mesne profits, in the case of *Larrabee v. Lumbert*, 36 Maine, 440.

The same reasoning and the same construction applied to the chapter giving remedies to a demandant in dower, will sustain the plaintiff's claim in the action at bar for *mesne profits*, after her verdict in dower, and before the assignment of the same, a space of nearly two years.

The judgment in the first action was for dower and damages for detention. The verdict was responsive to the declaration, and was for the detention up to the time of the verdict.

The general rule of the common law remains to give the plaintiff compensation for the detention of the premises by the defendant for one year and ten months, while her action of dower was under advisement before the Court.

This same question arose in *Larrabee v. Lumbert*, before cited. The writ of dower is as much a writ of possession, on proof of title, as a writ of entry.

The refusal of the Chief Justice, to whom the question was referred, to allow any thing more than the verdict and interest, was right. The plaintiff now having exhausted her remedy under the statute, claims for the indemnity under the rules of the common law.

*J. H. Hillard*, for defendant.

In *Perry* v. *Goodwin*, 6 Mass. 498, the damages for detention of dower were assessed from the time of demand to the time of the verdict, precisely as in the case between these parties, and there seems to be no provision for any other mode of assessment.

Can the action be maintained for rents and profits for the time between the verdict and assignment of dower?

1. Assumpsit will not lie in this case, for there was no express or implied promise. *Wyman* v. *Hook*, 2 Greenl. 337.

2. Plaintiff had no right to occupy *till dower was assigned.* All the interest she had prior to assignment was a mere chose in action. *Bolster* v. *Cushman*, 34 Maine, 428; *Johnson* v. *Shields*, 32 Maine, 424, 427.

To maintain trespass for mesne profits, there must be a right of entry, if not an actual entry. 9 Mass. 556; *Emerson* v. *Thompson*, 2 Pick. 473.

3. All the damages plaintiff is entitled to recover is provided for by R. S., c. 144, § 7. That statute does not apply to a case of this kind. The plaintiff has exhausted her remedy. If the law now furnishes her no remedy, the Legislature must provide one. The Court cannot do it.

HATHAWAY, J. — In an action between these parties, the plaintiff recovered a verdict, January 7th, 1853, for her dower, and damages for its detention. Upon a question of law reserved by the plaintiff, that action was continued in Court until the October term, 1854, when judgment was rendered on the verdict, for her dower and damages, — *Purrington* v. *Pierce*, 38 Maine, 447, — and her dower was duly assigned to her, before the commencement of this suit. The plaintiff seeks, in this action, to recover the rents and profits, which

she claims to be due for the use of the premises assigned to her as dower, during the time intervening between the finding of the verdict and the final judgment thereon, and for detention of the same after a demand for the rent, made November 20, 1854.

The mode of proceeding, in an action at law, to recover dower, and damages for its detention, is prescribed by statute. R. S., c. 144. The whole subject was revised by the Legislature, and the statute remedy must be pursued. By that statute, § 5, it is provided that, " if the demandant recovers judgment for her dower, she *shall*, also, in the same action, recover damages for the detention thereof." The statute is imperative that she shall recover her damages in the same action in which she recovers her dower. The action must be brought against the person who is tenant of the freehold when the suit is commenced, although the demand had been made of a prior tenant; and from the fact that the Legislature deemed it necessary, specially, to give an action against such prior tenant, by the statute, § 7, to recover the rents and profits while he occupied, after demand, it may reasonably be inferred that they did not intend that the plaintiff in dower should have a second action, for damages for detention, against the same tenant of whom she had previously recovered judgment, both for her dower and such damages. If the Legislature had so intended, they would, doubtless, have made provision to that effect by the statute, as they did in the case provided for by § 7.

The plaintiff's counsel argues that the remedy, in this case, is similar to that prescribed for a demandant in a writ of entry, to recover, in the same action, damages for the rents and profits, from the time when his title accrued, as is provided by R. S., c. 145, § § 14 and 15 ; and he contends that the same reasoning which induced the Court, in *Larrabee* v. *Lumbert*, 36 Maine, 440, to sustain an action for rents and profits which accrued after the date of the writ of entry, by which the plaintiff had recovered his land, will authorize the maintenance of this suit.

This view of the case entirely overlooks the difference between the legal rights of the demandants, in writs of entry and of dower, and also the difference in the statutes, by which their respective remedies are provided.

The demandant, who prevails in a writ of entry, must have had *title,* and a right of entry, when he commenced his action, and if entitled, in the same action, to recover rents and profits, the liability of the tenant therefor is defined and measured by the statute, § 15, both as to the amount and *time,* and limited to the clear annual net value of the premises, for the time, during which he *was* in possession thereof. The statute gave the demandant, in a writ of entry, no new rights; it only changed the remedy by which he should recover the rents and profits, which had accrued before the date of his writ, and enabled him to accomplish, in *one* suit, that for which *two* actions had been previously necessary.

But the demandant in dower has neither title nor right of entry; for, although she have a right of dower, she cannot lawfully enter until dower be assigned to her, or recovered by process of law. The widow has no estate in the lands of her husband till assignment; her right of dower is merely a personal right. It cannot be taken in execution for her debt. It cannot be the subject of a lease. Inst. 34 and 37, B; *Bolster* v. *Cushman,* 34 Maine, 428; 1 Greenl. Cruise, tit. 6, c. 3, § 1, and notes; *Croade* v. *Ingraham & al.,* 13 Pick. 33; *Sellars* v. *Carpenter,* 27 Maine, 497.

By the stat. c. 144, concerning the action of dower, no measure of damages is prescribed. It simply and imperatively provides, that the demandant shall, in the same action, recover her damages for the detention thereof; it leaves the whole question of damages open to the jury, to be determined by them, upon the evidence, under proper instructions from the Court.

This action cannot be legally maintained, and a nonsuit must be entered.

TENNEY, C. J., APPLETON, MAY, and GOODENOW, J. J., concurred.